UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DISTRICT

CIVIL MINUTES – GENERAL

Case No. CV 19-06104-CJC (KSx)                        Date: January 22, 2024

Title: ANDERS KARLSSON v. DAVID BLAIR SHERMAN *et al.*

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ORDER DEFENDANT HERITAGE AUCTIONEERS & GALLERIES TO CONDUCT A COMMERCIALLY REASONABLE SALE OF THE SUBJECT PISTOLS**

      This case is essentially an ownership dispute between Plaintiff Anders Karlsson and Defendants David Blair Sherman and his alter egos MeteoriteArms LLC and Meteorite Art LLC (collectively the "Sherman Defendants") over two "Meteorite 1911" pistols and meteorite ore. (*See* Dkt. 100 [Second Am. Compl. hereinafter "SAC"].) Defendant Heritage Auctioneers & Galleries, Inc. ("Heritage") is named as a defendant solely in its capacity as bailee and consignee based on its possession of the pistols. (*See* SAC ¶ 1.) Heritage and Sherman assert crossclaims against each other arising out of the security agreement and consignment agreement through which Heritage obtained possession of the pistols.[1] (*See* Dkts. 116, 121.)

      Over several months, Plaintiff has filed multiple motions related to compelling a sale of these pistols. First, Plaintiff moved the Court to appoint a receiver to sell the pistols. (Dkt. 90.) Second, Plaintiff filed a motion for reconsideration of his motion to appoint a receiver, which for the first time requested a mandatory injunction ordering a

---

[1] Notably, these claims are subject to mandatory arbitration provisions under Texas law. (*See* Dkt. 121 Exs. A [Consignment Agreement], B [Sec. Agreement].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DISTRICT

CIVIL MINUTES – GENERAL

Case No. CV 19-06104-CJC (KSx)                        Date: January 22, 2024
                                                                                                                Page 2

sale of the pistols. (Dkt. 102). Then Plaintiff filed a third motion to order a sale without identifying a vehicle for said sale. (Dkt. 124.) The Court denied these motions because Plaintiff did not cite legal authority under which the Court could grant the relief requested. (Dkts. 99, 108, 137.)

       In its most recent order, the Court directed the parties to meet and confer on a process to sell the pistols since all the parties appeared amenable to a sale under the right conditions. Magistrate Judge Karen Stevenson, after spending significant time on the matter, reported that the parties unfortunately could not come to an agreement. The parties also failed to file the required status report on this meeting. (*See* Dkt. 137.)

       Based on the quality of prior briefing and the total lack of dispositive motions that could potentially have narrowed the scope of active claims and counterclaims, the Court is concerned that holding a trial on this case will not be an efficient use of jurors' valuable time. Moreover, until the pistols are sold, it appears that Heritage will be trapped unnecessarily in this litigation—potentially through any appeals even after a trial. Accordingly, the Court **VACATES** the current trial and related dates and **DENIES WITHOUT PREJUDICE** all pending motions in limine pending the Court's resolution of the following order to show cause:

       The parties are hereby **ORDERED** to show cause why the Court should not direct Heritage to conduct a commercially reasonable sale of the subject pistols. Any parties not opposing such a sale shall attach a proposal for a commercially reasonable sale to their responses to this order.

       The parties shall submit their responses to this order (and proposals for sale) by **February 1, 2024.** Each party may file one supplemental response addressing the other parties' initial responses by **February 8, 2024 at 12:00 pm (noon).** The Court will hold a hearing on this order to show cause on **February 12, 2024 at 3:00 pm**, the time previously reserved for the parties' pretrial conference**.**

lat
MINUTES FORM 11
CIVIL-GEN                                                                                                   Initials of Deputy Clerk RRP